## SULLIVAN v. HUME.

### No. 15,104; August 26, 1893.

#### 33 Pac. 1121.

**Judgment—Waiver of Written Findings.**—Where the clerk of the trial court, through inadvertence, failed to enter on the minutes the fact that the parties, by oral consent, in open court, waived written findings, the court properly directed that the minutes be corrected and amended nunc pro tunc as of the day of the waiver, and denied a motion to set aside the judgment on the alleged ground that written findings had not been waived.

**Appeal.**—Where There is a Substantial Conflict in the evidence, the findings of the trial court will not be disturbed, on appeal, on the ground of insufficiency of evidence to support them.

APPEAL from Superior Court, City and County of San Francisco; William T. Wallace, Judge.

Action by Daniel T. Sullivan against one Hume for professional services as attorney at law. From a judgment for plaintiff, defendant appeals. Affirmed.

Estee, Fitzgerald & Miller for appellant; Daniel T. Sullivan in pro. per.

DE HAVEN, J.—This action was brought to recover a balance of $850 claimed to be due from the defendant for professional services rendered to him by the plaintiff in his capacity as an attorney at law. The plaintiff obtained a judgment in the superior court for $500, and the defendant appeals.

1. There were no written findings, and the defendant moved the court to set aside its judgment upon the alleged ground that such findings had not been waived. The motion was denied. The record shows that findings of fact were expressly waived by the oral consent of the parties, given in open court at the time of the submission of the case, but the clerk, through inadvertence, failed to enter the fact of such waiver upon the minutes of the court at the time. This appearing, the court did not err in denying the motion of defendant, and

in directing that the minutes of the court be corrected and amended nunc pro tunc as of the day of such waiver, so as to show the real facts in relation thereto. The court had an undoubted right to correct its minutes so as to make them state the truth in relation to the matter, and when this was done the minutes showed a waiver of findings in one of the modes prescribed by section 634 of the Code of Civil Procedure, to wit: ''By oral consent in open court, entered in the minutes.''

2. Nor can we disturb the judgment upon the ground of the insufficiency of the evidence to sustain the implied finding of the court to the effect that the plaintiff was employed by defendant to act as his attorney in the trial of the case referred to in the complaint. This case comes squarely within the settled rule of this court that, where there is a substantial conflict in the evidence, the finding of the trial court or jury upon the disputed fact is conclusive here. The court below evidently gave credit to the testimony of the plaintiff, and that evidence was certainly sufficient to justify the judgment appealed from. Judgment and order affirmed.

We concur: Garoutte, J.; McFarland, J.